## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

**MICHAEL DONELL MOORE,**          :

       **Petitioner**          :          **CIVIL ACTION NO. 3:25-cv-329**

    **v.**          :          **(JUDGE MANNION)**

**WARDEN MOSER, FCI Loretto,**          :

       **Respondent**          :

### MEMORANDUM

Presently before the Court is a petition for a writ of habeas corpus under 28 U.S.C. §2241 filed by *pro se* Petitioner Michael Donell Moore ("Moore"), who is incarcerated at Federal Correctional Institution Loretto ("FCI Loretto"). For the reasons set forth below, the Court will transfer this action to the United States District Court for the Western District of Pennsylvania.

## I.    BACKGROUND

On February 4, 2022, Moore was sentenced to serve an aggregate sentence of federal incarceration for one hundred and forty-four (144) months, to be followed by five (5) years of supervised release, after he pleaded guilty to (1) brandishing a firearm in connection with a crime of violence (18 U.S.C. §924(c)(1)(A)(ii)) and (2) bank robbery as well as aiding and abetting (18 U.S.C. §§ 2, 2113(a)) in the United States District Court for

the Eastern District of North Carolina. *See United States v. Moore*, No. 20-cr-408-1 (E.D.N.C.), ECF No. 83 at 1–2.[1] Moore did not file an appeal from his judgment of sentence.

Moore commenced the instant action by filing his Section 2241 petition, which was docketed on February 25, 2025. (Doc. 1.) Moore neither remitted the filing fee nor applied for leave to proceed *in forma pauperis* along with his petition; as such, an Administrative Order issued requiring him to either pay the fee or file an *in forma pauperis* application. (Doc. 3.) Moore later paid the filing fee. (Doc. 5.)

In the petition, Moore seemingly asserts that he has already served the portion of his sentence attributable to his bank robbery and aiding and abetting conviction, and he asserts that this conviction exempts him from acquiring earned time credits ("ETCs") through the First Step Act ("FSA"). (Doc. 1 at 3–4.) He indicates that his other conviction for brandishing a firearm is, on the other hand, FSA-eligible. (*Id.*) Based on this distinction, Moore requests that the Court "resentence him on the sole remaining charges of [b]ank [r]obbery and [a]iding [and a]betting independently, without

---

[1] Although Moore's aggregate sentence of incarceration was one hundred and forty-four (144) months, he was sentenced to eighty-four (84) months' incarceration on the firearms conviction and sixty (60) months' incarceration on the bank robbery and aiding and abetting conviction. *Id.*

- 2 -

the separately imposed [firearms] charge." (*Id.* at 4.) Alternatively, he seeks a "non-binding [j]udicial [r]ecommendation allowing him the opportunity to participate in recidivism-reducing FSA programming and to receive incentivized ETC's." (*Id.*)

## II.    DISCUSSION

A "[w]rit[] of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts, and any circuit judge within their respective jurisdictions." 28 U.S.C. §2241(a). This means that "[w]henever a §2241 habeas petitioner seeks to challenge [their] present physical custody within the United States, [they] should name [their] warden as respondent and file the petition in the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004); *see also Yi v. Maugans*, 24 F.3d 500, 507 (3d Cir. 1994) ("It is the warden of the prison or the facility where the detainee is held that is considered the custodian for purposes of a habeas action."); *United States v. Allen*, 124 F. App'x 719, 721 (3d Cir. 2005) (unpublished) (explaining that Section 2241 habeas petitions must be presented to "the district court in the United States District where the petitioner is incarcerated" (citing *Barden v. Keohane*, 921 F.2d 476, 478–79 (3d Cir. 1990)).

In this case, Moore is incarcerated at FCI Loretto in Cambria County Pennsylvania, a county within the territorial boundaries of the Western

- 3 -

District of Pennsylvania. *See* 28 U.S.C. §118(c) ("The Western District [of Pennsylvania] comprises the counties of . . . Cambria . . . .")); *Mallay v. Moser*, No. 21-cv-857, 2021 WL 1906405, at *1 n.1 (M.D. Pa. May 12, 2021) (noting that "FCI Loretto is located in Cambria County, Pennsylvania, which lies in the venue of the United States District Court for the Western District of Pennsylvania" (citing 28 U.S.C. §118)). Thus, in accordance with Section 2241(a), the proper venue for this case is the Western District of Pennsylvania, where Moore and his custodian are located.

If a case such as the instant case is filed "in the wrong division or district," the district court "shall dismiss, or if it be in the interest of justice, transfer [the] case to any district or division in which it could have been brought." 28 U.S.C. §1406(a); *see also id.* §1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."). Here, the Court finds that it would be in the interests of justice and judicial economy to transfer this case to the Western District of Pennsylvania. Accordingly, the Court will transfer this case to the United States District Court for the Western District of Pennsylvania.

- 4 -

## III.    CONCLUSION

For the reasons stated above, the Court will transfer this action to the United States District Court for the Western District of Pennsylvania and direct the Clerk of Court to close this case. An appropriate Order follows.

**MALACHY E. MANNION**
**United States District Judge**

**DATE:** 8/11/25
25-cv-329-01